UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOSHUA WALTER, individually,
and as representative of a Class of
Participants and Beneficiaries
of the Kerry Inc. Savings Plan,

      Plaintiff,                                  Case No. 21-cv-539

      v.

KERRY, INC., *et al.,*

      Defendants

## PLAINTIFF'S SUPPLEMENTAL BRIEF IN LIGHT OF
## *HUGHES V. NORTHWESTERN UNIVERSITY*

### INTRODUCTION

On February 8, 2022, the Court issued an Order (ECF No. 21) that permitted the parties to file supplemental briefs on or before March 11, 2022, to succinctly address how *Hughes v. Northwestern Univ.*, 142 S. Ct. 737 (2022), impacts the pending motion to dismiss in this case.[1] Plaintiff, Joshua Walter ("Mr. Walter"), by and through his counsel, Walcheske & Luzi, LLC, now files his supplemental brief in this matter in further opposition to Defendants' motion to dismiss.

---

[1] Once arguments primarily relied upon by Defendants in their briefing have been cleared away in light of *Hughes*, the Court should deny Defendants' motion to dismiss because: (1) Mr. Walter has standing to challenge all of the Plan's investments; (2) the Court should not decide at the pleading stage factual disputes between the parties including those dealings with methods of calculations, the characteristics of apt recordkeeper and fund comparators, and the nature of services provided by recordkeepers; and (3) Mr. Walter has plausibly alleged facts that state a claim for breach of the duty of loyalty, breach of the duty to monitor, and a failure to disclose necessary Plan information.

## ARGUMENT

In *Hughes v. Northwestern University*, the United States Supreme Court considered the pleading standard for establishing a breach of the fiduciary duty of prudence under ERISA in a case involving employer-provided retirement plans materially similar to the one in this case. Three plan participants in two Northwestern University retirement plans alleged that the plans "offer[ed] needlessly expensive investment options" and "failed to monitor and control the fees they paid for recordkeeping, resulting in unreasonably high costs to plan participants." *See Hughes*, 142 S. Ct. at 739-740. The Seventh Circuit Court of Appeals dismissed the participants' claims for failure to state a claim under Rule 12(b)(6) in *Divane v. Northwestern Univ.*, 953 F.3d 980 (7th Cir, 2020),[2] holding that the participants' allegations failed to state a claim as a matter of law, "based on the court's determination that [participants'] preferred type of low-cost investments were available as plan options." *See Hughes*, 142 S. Ct. at 740.

The Supreme Court unanimously found "flawed" the reasoning of the Seventh Circuit in *Divane* and vacated and remanded the case for reconsideration by the Seventh Circuit. *Id.* More specifically, the Supreme Court held that, "[s]uch a categorical rule is inconsistent with the context-specific inquiry that ERISA requires and fails to take into account [Defendants'] duty to monitor all plan investments and remove any imprudent ones." *Id.* (citing *Tibble v. Edison Int'l*, 575 U.S. 523, 530, (2015)). The Supreme Court further explained that under its previous decision in *Tibble*, "ERISA's

---

[2] In their past briefing in this case, Defendants relied almost exclusively on *Divane* (*see*, *e.g.*, ECF No. 11 (Defendants' brief in support of motion, citing *Divane* on eleven out of thirty pages)); and ECF No. 16 (Defendants' reply brief in support of motion, citing *Divane* on ten out of fifteen pages).)

duty of prudence [should be interpreted] in light of the common law of trusts and determined that 'a fiduciary normally has a continuing duty of some kind to monitor investments and remove imprudent ones,'" *see Hughes*, 142 S. Ct. at 741 (quoting *Tibble*, 575 U.S. at 530), and "[a] plaintiff may allege that a fiduciary breached the duty of prudence by failing to properly monitor investments and remove imprudent ones." *Id.*

Having vacated *Divane* and its reasoning, the Supreme Court in *Hughes* set the following pleading standard for ERISA excessive fee claims:

> [Courts] should consider whether petitioners have plausibly alleged a violation of the duty of prudence as articulated in *Tibble*, applying the pleading standard discussed in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Because the content of the duty of prudence turns on 'the circumstances ... prevailing' at the time the fiduciary acts, § 1104(a)(1)(B), the appropriate inquiry will necessarily be context specific." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). At times, the circumstances facing an ERISA fiduciary will implicate difficult tradeoffs, and courts must give due regard to the range of reasonable judgments a fiduciary may make based on her experience and expertise.

*Hughes*, 142 S. Ct. at 742. Under this standard, Mr. Walter has plausibly alleged in a context-specific manner, based on the circumstances prevailing at the time, that Defendants breached their duty of prudence by unreasonably failing to properly monitor investments and service providers, including recordkeepers and managed account service providers, and remove imprudent ones. (*Complaint* ¶¶ 2, 5, 25, 31, 65, 83, 89-91, 108-110, 134, 176, 199, 244.)

This is so even when one gives "due regard to the range of reasonable judgments a fiduciary may make based on experience and expertise,"[3] because Mr. Walter

---

[3] Mr. Walter anticipates that Defendants will likely place inordinate weight on this last sentence from *Hughes*, suggesting that this sentence makes it somehow easier for plan

has alleged that "Defendants followed a fiduciary process that was done ineffectively given the objectively unreasonable fees paid for [recordkeeping and managed accounts]," (*Complaint* ¶¶ 115, 199, 201), and "A hypothetical prudent fiduciary would not select a share class that results in higher fees to Plan Participants when a share class that results in lower fees to Plan Participants is available for the identical portfolio management services." (*Id.* at ¶ 166.) In short, under *Hughes*, Mr. Walter has "allege[d] that [Defendants] failed to monitor the Plans' investments in a number of ways, including by retaining recordkeepers that charged excessive fees . . ., and neglecting to provide . . . otherwise-identical alternative investments." *Hughes*, 142 S. Ct. at 741.

In arguing against Mr. Walter's duty of prudence claims, Defendants have relied almost exclusively on the reasoning in *Divane*, and its predecessor cases,[4] in asserting that those claims should be dismissed for failing to a state a claim. Specifically, with regard to Mr. Walter's duty of prudence claims, and contrary to *Hughes*, Defendants maintain that this Court should grant their motion to dismiss on the basis on: (1) notions of paternalism and participant choice; (2) the availability of prudent

---

fiduciaries to escape liability for fiduciary breaches and to have their 12(b)(6) motions granted. There is nothing new, however, in this last sentence. This is the same pleading standard utilized in the now-vacated *Divane* opinion: a plaintiff "must plausibly allege action that was objectively unreasonable." *See Divane*, 953 F.3d at 988. Mr. Walter has undeniably done that as discussed below.

[4] These predecessor cases include significant parts of two other Seventh Circuit decisions - *Loomis v. Exelon Corp.*, 658 F.3d 667 (7th Cir. 2011), and *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009). *Hecker*, *Loomis*, and *Divane* were substantially relied on by two district court cases – *Albert v. Oshkosh Corp.*, 2021 WL 3932029 (E.D. Wis. Sept. 2, 2021), *appeal filed* (7th Cir. October 1, 2021); and *Martin v. CareerBuilder, LLC*, No. 19-cv-6463, 2020 WL 3578022 (N.D. Ill. July 1, 2020).

funds along with imprudent ones in the Plan; (3) categorical reasoning based on the level of Plan fees being *per se* reasonable as a matter of law; and (4) there being no requirement under ERISA to solicit bids to find reasonable fees and service providers.

The Supreme Court in *Hughes* determined each of these bases to be in error as "flawed reasoning," *see Hughes*, 142 S. Ct. at 740, as will be illustrated in the following sections. Accordingly, this Court should deny Defendants' Motion to Dismiss Plaintiff's Complaint in light of *Hughes* and based on previous arguments made by Mr. Walter in his briefing on this motion.[5]

### A. The Court Should Deny Defendants' Motion to Dismiss Because *Hughes* Rejected Notions of Paternalism and Participant Choice in ERISA Cases

As in *Hughes*, Mr. Walter is essentially alleging that the Kerry Plan fiduciaries failed to attempt to use the size of the Plan as leverage to obtain reasonable managed account options, share classes, and recordkeeping fees, and that the fiduciaries failed to investigate alternative reasonable options altogether. More specifically, Mr. Walter alleges that the defendants failed to use a prudent process because they did not put recordkeeping or managed account services out for competitive bidding on a regular basis. (*Complaint*, ¶¶ 84-85, 111-112.) As a result, Mr. Walter asserts, the recordkeeping and managed account service fees paid by the Plan greatly exceeded the normal range for plans its size and the recordkeeping fees were more than double what

---

[5] There is little doubt that Defendants' counsel will seek to limit the impact of *Hughes* on their motion to dismiss, perhaps going so far as saying that *Hughes* only forecloses a single argument set forth in Defendants' motion to dismiss, while leaving undisturbed other reasons that Mr. Walter's claims should be dismissed. As argued below, however, Mr. Walter believes that *Hughes* has a much more significant impact on this Court's decision involving his duty of prudence claims for four (4) independent reasons.

the Plan should have paid. (*Id.* ¶¶ 126, 200.) The discrepancies tell a plausible story, suggesting that the failure to shop around or negotiate with the Plan recordkeeper, Great-West (Empower), had real-world implications. *See Allen v. GreatBanc Trust Co.*, 835 F.3d 670, 678 (7th Cir. 2016) ("[A]n ERISA Plaintiffs alleging breach of fiduciary duty does not need to plead details to which [he] has no access, as long as the facts alleged tell a plausible story.")

In response, Defendants have inappropriately relied on notions of paternalism and participant choice in finding that Mr. Walter had not stated a claim in his Complaint. (ECF No. 11, at p. 30) ("Nor can Plaintiff use the ERISA prudence standard to force the Plan to offer his investment of choice, as 'plaintiffs and courts cannot use ERISA to paternalistically dictate what kinds of investments plan participants make where a range of investment options are on offer.'") (quoting Martin, 2020 WL 3578022, at *4 (citing *Divane*, 953 F.3d at 989 and *Loomis*, 658 F.3d at 673-74).) The Supreme Court in *Hughes* clearly overruled this aspect of *Divane, Loomis, Hecker*, and *Martin*, that embrace notions of paternalism and participant choice in this context because such reasoning "fails to take into account [Defendants'] duty to monitor all plan investments and remove any imprudent ones," and fails to recognize that "a fiduciary is required to conduct a regular review of its investment." *See Hughes*, 142 S. Ct. at 740-41 (citing *Tibble*, 575 U.S. at 528, 530).[6] Instead, such cases wrongly "focused on another component of the duty of prudence: a fiduciary's obligation to

---

[6] Like *Divane* itself, Defendants do "not apply *Tibble*'s guidance." *See Hughes*, 142 S. Ct. at 741. Indeed, Defendants did not mention *Tibble* even once in their briefing of this motion. On the other hand, Mr. Walter in his Complaint, and in his briefing, places the appropriate emphasis on *Tibble*. (*Complaint*, ¶¶ 2, 24, 31, 37.)

assemble a diverse menu of options." *Hughes*, 142 S. Ct. at 741-42.

The Supreme Court found that the Seventh Circuit in *Divane* "erred in *relying on the participants' ultimate choice* over their investments to excuse allegedly imprudent decisions by respondents," *id.* (emphasis added), and in placing "exclusive focus on investor choice elided this aspect of the duty of prudence." *Id.* This is because, even in a defined contribution plan in which participants are responsible for selecting their plan investments, *see* ERISA § 404(c), 29 U.S.C. § 1104(c), "plan fiduciaries are required to conduct their own independent evaluation to determine which investments may be prudently included in the plan's menu of options." *See Hughes*, 142 S. Ct. at 742 (citing *Tibble*, 575 U.S. at 529–530).[7] "If the fiduciaries fail to remove an imprudent investment from the plan within a reasonable time," the *Hughes* Court stressed, those fiduciaries "breach their duty [of prudence]." *Id.* Thus, the district court's reliance on notions of paternalism and participant choice in *Divane*, *Loomis*, *Hecker*, and *Martin*, was misplaced and an inappropriate basis on which to grant Defendants' motion to dismiss.

B. The Court Should Deny Defendants' Motion to Dismiss Because *Hughes* Rejected Arguments Based on Availability of Other Prudent Funds

Defendants also erred with regard to their share class arguments because they relied on a proposition of law that has now been firmly rejected by the Court in *Hughes*. With regard to share class claims, Defendants based their assertions on the

---

[7] This part of *Hughes* overrules that part of the Seventh Circuit decision in *Hecker* in which the Seventh Circuit, in discussing the safe harbor under ERISA Section 404(c), 29 U.S.C. §1104(c), had previously held that "[i]f particular participants lost money or did not earn as much as they would have liked, that disappointing outcome was attributable to their individual choices. Given the numerous investment options, varied in type and fee, neither Deere nor Fidelity. . . can be held responsible for those choices." *Hecker*, 556 F.3d at 590.

Seventh Circuit's decisions in *Divane, Loomis*, *Hecker*, and *Martin*, for the proposition that "Plaintiff cannot allege a plausible breach of the duty of prudence claim because the Plan offers a wide range of investment options to Plan participants in addition to the R6 Share Class." (ECF No. 28, at p. 11.) Put another way, "[i]n the [Seventh Circuit's] view, because [Plaintiff's] preferred type of investments were available, they could not complain about the flaws in other options." *Hughes*, 142 S. Ct. at 742.

The Supreme Court in *Hughes* has now expressly overruled these parts of *Divane*, *Loomis*, *Hecker*, and *Martin* regarding a "wide range of investment options." Thus, this Court should reject this reasoning for dismissing Mr. Walter's share class claims.

### C. The Court Should Deny Defendants' Motion to Dismiss Because *Hughes* Rejected Arguments Based on Categorical Reasoning

As part of his claims concerning the excessive recordkeeping fees of the Plan, Mr. Walter, through extensive charts, graphs, and tables based upon publicly available information, established that the same or different recordkeepers had accepted lower recordkeeping fees from similar plans with approximately the same number of participants and the same amount of assets under management during the Class Period. (*Complaint* ¶¶ 121-122.) Indeed, Mr. Walter alleged in his Complaint that the recordkeeping fees paid by the Plan were more than double what the Plan should have paid and greatly exceeded the normal range for plans its size. (*Id.* at ¶ 126.) Based on these facts that existed contextually at the time that the plan fiduciaries made their recordkeeping decisions, Mr. Walter asserted that these allegations established a plausible inference of a flawed process and fiduciary imprudence. (*Id.* at

¶ 5.)

Nevertheless, the Defendants maintain with regard to Mr. Walter's excessive recordkeeping fees claim that "the 0.82% expense ratio for the R6 Share Class here falls well within the range of expense ratios that courts in this Circuit have regularly recognized to be prudent *as a matter of law*." (ECF No. 11, at p. 29) (emphasis added) (citing *Loomis*, 658 F.3d at 669; *Hecker*, 556 F.3d at 586; *Martin*, 2020 WL 3578022, at *6; *Divane*, 2018 WL 2388118, at *7 (N.D. Ill. May 25, 2018).) In other words, Defendants embraced categorical rules and arguments in their motion to dismiss.

In rejecting that approach, the Supreme Court in *Hughes* held that "[s]uch a categorical rule is inconsistent with the context-specific inquiry that ERISA requires." *Hughes*, 142 S. Ct. at 740. Rather than rely upon certain recordkeeping fee levels as *per se* reasonable as a matter of law, it is necessary to engage in a "context-specific" evaluation of the Plan. *See id.*; *Dudenhoeffer*, 573 U.S. at 425; *see also Lafreniere v. R.R. Donnelley & Sons, Inc. et al.,* Case No. 1:20-cv-07158, Order (ECF No. 27, at p. 3) (N.D. Ill. January 3, 2022) ("Defendants' argument that prudent processes and business rationales have permissibly resulted in higher fees in other cases says nothing of Defendants' processes or rationales for the fees in this case.") Because Defendants rely on a categorical approach, rather than engaging in context-specific evaluation of the Plan at issue in this case, its contentions, as pertains to excessive recordkeeping fees, should be rejected and its motion to dismiss denied on this ground.

### D. The Court Should Deny Defendants' Motion to Dismiss Because *Hughes* Rejected Arguments Based on Competitive Bidding

In seeking to have the Complaint dismissed, Defendants argue that "*Divane* is clear—to state a plausible claim for relief, the Complaint must identify an

'alternative-record keeper that would have accepted' the fee proposed by Plaintiff and explain how a 'lower-cost record-keeper would perform at the level necessary to serve the best interests of the plans' participants.'" (ECF 16, at p. 13) (quoting *Divane*, 953 F.3d at 990-91.) Defendants continue by maintaining that "Defendants are simply 'not required to search for a recordkeeper willing to take [$49] per year per participant as plaintiff[] would have liked.'" (ECF 11, at p. 21.) (quoting *Divane*, 953 F.3d at 891.) Because *Hughes* vacated *Divane*, the Defendants' reliance on *Divane* in this instance is necessarily in error. In any event, *Hughes* has addressed this issue.

First, the Supreme Court in *Tibble* established that "a fiduciary is required to conduct a regular review of its investment." *Tibble*, 575 U.S at 528. In *Hughes*, the Supreme Court emphasized *Tibble* and held that, "plan fiduciaries are required to conduct *their own independent evaluation* to determine which investments may be prudently included in the plan's menu of options." *Hughes*, 142 S. Ct. at 741 (citing *Tibble*, 575 U.S. at 529-30) (emphasis added.) In light of this holding, courts will be hard pressed post-*Hughes* to explain how exactly such "independent evaluations" can be undertaken without "determin[ing] the true market price at a given time . . . [and] obtain[ing] competitive bids through some process." *See George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 800 (7th Cir. 2011) (failure to solicit bids, and higher-than-market recordkeeping fees, supported triable fiduciary breach claim).

In short, Mr. Walter's recordkeeping, share class, and managed account fee allegations required Defendants to undertake a prudent, fiduciary process to determine whether maintaining service providers and share classes in the Plan was reasonable.

As alleged by Mr. Walter, and as now supported by *Hughes'*, by:

> [S]oliciting bids from other providers[,] a prudent Plan Fiduciary can quickly and easily gain an understanding of the current market for similar [recordkeeping] services and have an idea of a starting point for negotiation. Accordingly, the only way to determine the true market price at a given time is to obtain competitive bids through some process.

(*Complaint*, ¶ 107.) Thus, Defendants were required to undertake an "independent evaluation" through soliciting bids, or through other competitive means, to ensure that their recordkeeping, share class, and managed account fees were reasonable given the relevant market. Because Mr. Walter plausibly alleged that Defendants did not take these steps, this Court should dismiss Defendants' motion to dismiss on this ground as well.

## CONCLUSION

For all the above reasons, Defendants' motion to dismiss should be denied in its entirety.

Dated this 11th day of March, 2022

        WALCHESKE & LUZI, LLC
        Counsel for Plaintiff

        s/ *Paul M. Secunda*
        James A. Walcheske, SBN 1065635
        Scott S. Luzi, SBN 1067405
        Paul M. Secunda, SBN 1074127

WALCHESKE & LUZI, LLC
235 N. Executive Dr., Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: psecunda@walcheskeluzi.com