UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOSHUA WALTER, individually,
and as representative of a Class of
Participants and Beneficiaries
of the Kerry Inc. Savings Plan,

    Plaintiff,                                    Case No. 21-cv-539-BHL

    v.

KERRY INC., *et al.,*

    Defendants

## DECLARATION OF PAUL M. SECUNDA IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Paul M. Secunda, declare and state as follows:

1. I am a partner at Walcheske Luzi, LLC ("Walcheske Luzi"), and am one of the attorneys of record for Plaintiff in the above captioned action. I submit this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

### Settlement Terms

2. Attached hereto as **Exhibit 1** is a true and correct copy of the proposed Class Action Settlement Agreement. The Settlement resolves Plaintiff's class action claims against Defendants, Kerry Inc. ("Kerry"), the Board of Directors of Kerry Inc. ("Board Defendants"), and the Benefits Committee of Kerry Inc. ("Committee

1

Defendants") ("Defendants"), relating to the management of the Kerry Inc. Savings Plan ("Kerry Plan").

3. The Settlement Agreement applies to the following Settlement Class:

> All participants and beneficiaries of the Plan, at any time during the Class Period, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a QDRO who was a participant in the Plan at any time during the Class Period.

*Settlement § 1.10.* In turn, the Class Period means at any time on or after April 27, 2015, through and including the date on which the Preliminary Approval Order is entered. *Id.* § 1.11. There are approximately 5,000 Settlement Class Members between April 27, 2015, and the present.

4. Under the terms of the proposed Settlement, Kerry will contribute $900,000 to a common settlement fund. *Settlement §§ 1.46, 3.1(a).* Based on Plaintiff's estimates, the Gross Settlement Amount represents 15% of the total estimated losses ($5.85 million), after including $3.9 million for excessive retirement plan fees (RPS), $650,000 for high-cost share classes, and $1.3 million for excessive managed account fees.

5. After accounting for any Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation approved by the Court, the Net Settlement Amount will be distributed to eligible Class Members in accordance with the Plan of Allocation in the Settlement. *Id. § 3.1(b).*

6. The Plan of Allocation will be prepared by Class Counsel and submitted to the Court for approval in connection with Final Approval of the Settlement. *Id. § 3.2(a).* Class Counsel will retain the Settlement Administrator to calculate the

amounts payable to Settlement Class Members. *Id. § 4.1.* For those Settlement Class Members who no longer have an account in the Plan at the time of the distribution of the share amounts owed to Class Members (the "Former Participants"), the Settlement Administrator shall issue a check from the Settlement Fund to each Former Participant in the amount equaling his or her pro-rata share of the Net Settlement Amount. *Id. §3.2.2(a).*

7. In the absence of a settlement, Plaintiff would have faced uncertainty and risk in connection with her claims. Given these risks (which are outlined in the accompanying Memorandum of Law), and the costs and potential delays associated with further litigation, I believe that the Settlement is fair, reasonable, and adequate.

## Case Proceedings

8. Prior to filing the Complaint and Amended Complaint in this action, my colleagues and I conducted a thorough investigation of the claims that were asserted and the factual basis for those claims. As a result of our investigatory efforts, we were able to file a detailed, 57-page Complaint on April 27, 2021. (*Dkt. 1*).

9. After Plaintiff defeated most of Defendants' motion to dismiss, at the incipiency of discovery and at the parties' request, the Court stayed the litigation pending mediation and the negotiation of the present Settlement.

10. Following submission of written mediation statements, the parties engaged in a mediation session with Robert Meyer on September 13, 2022. Mr. Meyer is an experienced and well-respected mediator, who has successfully resolved numerous complex class action cases, including ERISA class actions. A copy of Mr. Meyer's biography is attached as **Exhibit 2**.

11. With the assistance of the mediator, the parties reached a settlement-in-principle. The Parties then negotiated the details of the comprehensive Settlement Agreement that is the subject of the present motion. For the reasons explained above, I believe the Settlement is fair, reasonable, and adequate.

## Professional Overview

12. I am a currently a Partner at the law of firm of Walcheske & Luzi, LLC in Brookfield, Wisconsin, where I concentrate my practice on labor and employment law, with an emphasis on all aspects of employee benefits (ERISA) litigation. As part of this employment, I litigate cases involving employer-sponsored retirement benefit plans and welfare benefit plans under ERISA. I am licensed to practice law in the State of Wisconsin, and also have been admitted to practice in several federal district courts and appellate courts across the country, including in this Court. A list of jurisdictions in which I have been admitted is set forth below:

| |
|---|
| Supreme Court of the United States |
| 3rd Circuit Court of Appeals |
| 7th Circuit Court of Appeals |
| U.S.D.C. for Western District of Michigan |
| U.S.D.C. for the Eastern District of Wisconsin |
| U.S.D.C. for the Western District of Wisconsin |
| U.S.D.C. for the Northern District of Illinois |
| U.S.D.C. for the Eastern District of Michigan |
| U.S.D.C. for the Southern District of Indiana |
| U.S.D.C. for the Eastern District of Pennsylvania |
| Wisconsin Supreme Court |
| New Jersey Supreme Court |
| Pennsylvania Supreme Court |

13. I have been actively engaged in the practice of law since 1998 and have

substantial class action experience and other complex litigation experience. I was a full professor of law over an 18-year academic career at two separate law schools, focusing on workplace and employee benefits law under ERISA. Since joining Walcheske Luzi in May 2020, my practice has focused primarily on ERISA class action litigation.

14. As the head of our firm's ERISA Team, I have led ERISA class action litigation against several major healthcare institutions, including Bronson Healthcare, Inc., Froedtert Health, Munson Healthcare, Prevea, ThedaCare, and Mercy Health. I also have brought cases against numerous other companies for ERISA violations including Kellogg, General Mills, Costco Wholesale, Kroger, Kimberly-Clark, Faith Technologies, Quad/Graphics, General Dynamics, and RR Donnelley & Sons.

15. In addition to the present case, the firm's lawyers (including myself) have brought litigation in over twenty other cases involving retirement plans, including:

- Reichert v. Juniper Network, Inc., No. 4:21-cv-06213 (N.D. Cal.)
- Gleason et al. v. Bronson Healthcare, No. 1:21-cv-00379 (W.D. Mich.)
- Case v. Generac, Inc., No. 2:21-cv-00752-RSM (W.D. Wash.)
- Seidner et al. v. Kimberly Clark Corp, No. 3:21-cv-00867-L (N.D. Tex.)
- Bangalore v. Froedtert Health, Inc., No. 2:20-cv-893-PP (E.D. Wis.)
- Shaw v. Quad/Graphics, Inc., No. 2:20-cv-01645-PP (E.D. Wis.)
- Lafreniere v. RR Donnelley Inc., No. 1:20-cv-07158 (N.D. Ill.)
- Soulek v. Costco Corp., No. 1:20-cv-937-WCG (E.D. Wis.)
- Cotter v. Matthews Int'l Corp., No. 1:20-cv-1054-WCG (E.D. Wis.)

5

- Nohara v. Prevea Clinic, Inc., No. 2:20-cv-1079-WCG (E.D. Wis.)
- Glick v. ThedaCare, Inc., 1:20-cv-1236-WCG (E.D. Wis.)
- Laabs v. Faith Techs., Inc., No. 1:20-cv-1534-WCG (E.D. Wis.)
- Guyes v. Nestle USA Inc., No. 1:20-cv-1560-WCG (E.D. Wis)
- Hughes v. Mercy Health Corp., No. 3:20-cv-50286 (N.D. Ill.)
- Hanson et al. v. General Dynamics, No. 0:21-cv-00988-PAM-ECW (D. Minn.)

16. Walcheske & Luzi is viewed as a leader in ERISA 401(k) cases. I have been interviewed by the Washington Post, Financial Times, BenefitsPro, Law360, Bloomberg, Investment News, Pensions & Investments, and several trade publications in connection with my ERISA work. As a law professor, I have published sixteen law review articles, two book chapters, and three books on employee benefit plan-related topics. Overall, I have published over seventy law review articles and shorter pieces on workplace law, benefits law, and related fields.

17. I also have been a lecturer, moderator, and panelist at dozens of conferences, symposia, and conferences throughout the country and the world, presenting on ERISA and employee benefit plan topics sponsored by a myriad of organizations, including: the Association of American Law Schools, American Bar Association, the Southeastern Association of Law Schools, Law and Society Association, New York University Annual Conference on Labor, and the Center for the Interdisciplinary Study of Work and Social Capital at the Washington University School of Law.

18. I have served as testifying expert in the following ERISA and employee

6

benefits law cases around the country: *Pierson et al. v. Millennium Trust Co.*, Case No. 1340017140 (JAMS) (Ill. 2019), *Physical Therapy, U.S.A. Inc., et al. v. United Healthcare of Arizona, Inc., et al.,* Case No. CV-08-457-PHX-ROS (D. Az.), *Moyle v. Liberty Mutual Retirement Benefit Plan*, 3:10-CV-02179 (S.D. Cal.); *Gillis v. Burns & Levinson*, File No. 337.08466 (Middlesex Superior Ct. Mass.); and *Sayles v. Driskell* (settled) (state court, Kansas City, Mo.).

19. I served as a non-testifying consultant in the following ERISA and employee benefit law cases: *Diversified Services of Wisconsin, Inc. v. AJ Restaurant Accounting, LLC*, Case No. 09CV-005985 (Dane Country Cir. Ct. Wis.); *Nauman v. Abbott Labs*, No. 04 C 7199 (N.D. Ill.); *Smith v. Medical Benefit Administrators Service Group, Inc.*, Case No. 2:09-cv-00538-RTR (E.D. Wis.); and *In re Rothschild Merchant Banking* (2018).

20. I served as Court Amicus in the following U.S. Supreme Court and Seventh Circuit cases: U.S. Supreme Court *Brief for Law Professors as Amici Curiae in Support of the Petitioners in Tibble v. Edison International*, No. 13-550; U.S. Supreme Court *Brief of Law Professors in Support of the Respondents in Fifth Third Bancorp v. Dudenhoeffer*, No. 12-751; U.S. Supreme Court *Brief of Law Professors in Support of Respondents, Conkright v. Frommert*, No. 08-810; and Seventh Circuit *Brief of Law Professors in Support of Rehearing En Banc, Hecker v. Deere*, Nos. 07-3605 & 08-1224.

21. Prior to this position with Walcheske & Luzi, I was a full Professor of Law, with tenure at the Marquette University Law School in Milwaukee, Wisconsin. I joined the Marquette University Law School faculty in 2008, after having been an

7

Assistant Professor of Law at the University of Mississippi School of Law from 2002 through 2008. I have been a visiting professor of law at several other universities, including Melbourne University Law School (Australia), Justus Liebig Universitat School of Law (Germany), Hong Kong Polytech University (China), the University of Wisconsin-Madison School of Law, Université de Paris at Nanterre Law Faculty (France), Western Ontario School of Law (Canada), and the Osgoode Hall School of Law at York University (Canada).

22. I received my law degree, *magna cum laude*, from the Georgetown University Law Center in 1997, and my B.A., *cum laude*, from Harvard College in 1993. Following law school, I was a federal law clerk for Judge Murray M. Schwartz of the United State District Court for the District of Delaware from 1997-1998. I then practiced law as an associate labor and employment law attorney, focusing on ERISA and workplace litigation, with the Philadelphia law firms of Montgomery, McCracken, Walker & Rhoads, and Morgan, Lewis & Bockius from 1998 to 2002. I am a member of the Bars of Pennsylvania (1998), New Jersey (1998), and Wisconsin (2009), and the U.S. Supreme Court (2009).

23. I am an elected Fellow of the American College of Employee Benefit Counsel (ACEBC); a Senior Fulbright Scholar (in employee benefits law); an elected Fellow of the American Bar Foundation (ABF); and an elected member of the American Law Institute (ALI), serving as a member of the Consultative Group on the Restatement of Employment Law.

24. In December of 2012, I was appointed by the United States Secretary of Labor, Hilda L. Solis, to the 2013 ERISA Advisory Council. The ERISA Advisory

8

Case 2:21-cv-00539-BHL    Filed 10/31/22    Page 8 of 11    Document 33

Council is established pursuant to ERISA Section 512. The duties of the council are to advise the Secretary and submit recommendations regarding the Secretary's functions under ERISA. The council consists of 15 members appointed by the Secretary of Labor. I was appointed Chairman of the Council in 2015 by then-Secretary of Labor Thomas Perez. Over my three years on the Council, I helped draft nine expert reports on all aspects of employee benefit law, including a number of issues concerning excessive fees associated with employer-sponsored retirement plans.

## Law Firm Overview

25. Walcheske & Luzi has been engaged in the practice of law for over 12 years, and is devoted to representing the interests of employees. The firm has offices in Brookfield and Appleton, Wisconsin, and Chicago, Illinois, and currently employs five attorneys.

26. Walcheske & Luzi has extensive class action and collective action experience. The firm has been appointed lead counsel or co-counsel on hundreds of class and collective actions and has recovered over $40 million for its clients.

27. Based on my personal experience and Walcheske & Luzi's firm-wide experience litigating ERISA cases, I believe that we were well-equipped to negotiate the Settlement that was reached in this case.

## Settlement Administrator

28. Analytics Consulting, LLC ("Analytics") has been selected to serve as the settlement administrator in this matter. Analytics has extensive experience administering ERISA class action settlements and has previously served as the settlement administrator in connection with settlements in this District and other

9

settlements within this Circuit. Analytics' company profile is attached as **Exhibit 3**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 31, 2022                     s/Paul M. Secunda
                                            Paul M. Secunda

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2022, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: October 31, 2022                          s/Paul M. Secunda
                                                                 Paul M. Secunda